[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11429

Non-Argument Calendar

_____

MARIA ALEXANDRA ROGACHEVA,

　　　　　　　　　　　　　　　　　　Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

　　　　　　　　　　　　　　　　　　Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket Nos. 6:21-cv-00102-PGB-LHP,
6:17-cr-00205-PGB-LHP-6

_____

Before WILSON, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

In January 2021, Maria Rogacheva, through counsel, petitioned for relief under 28 U.S.C. § 2255, or a writ of error *coram nobis*, challenging her 2018 marriage fraud conviction. She argued that her defense counsel provided ineffective assistance by failing to inform her of her defenses, rendering her guilty plea involuntary. Rogacheva conceded that her petition failed to meet the one-year § 2255 deadline, but because she only recently discovered that she had a legal avenue to challenge her conviction, she requested that the court withdraw her guilty plea.

The district court denied Rogacheva's petition because she failed to show sound reasons for failing to seek relief earlier or explain why she was unable to discover her right to challenge her conviction within one year from the date judgment was entered. Rogacheva now appeals, pro se, the district court's denial for relief. As a procedural matter, the government argues that the district court lacked jurisdiction to consider her petition because she could have, yet failed to, raise her ineffective assistance of counsel and involuntary plea claims in a timely proceeding. This decision addresses the jurisdictional question and merits of the dismissal in turn. After careful review, we affirm.

**I.**

On appeal, the government argues that, because Rogacheva could have raised her ineffective assistance of counsel and involuntary plea claims in a timely § 2255 proceeding, the district court lacked jurisdiction to grant *coram nobis* relief. We review de novo the subject matter jurisdiction of the district court. *United States v. Benjamin*, 958 F.3d 1124, 1133 (11th Cir. 2020).

The All Writs Act, codified at 28 U.S.C. § 1651, provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651(a). A writ of error *coram nobis* is "an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). This circuit has "assumed but not decided that ineffective assistance of counsel may constitute an error so 'fundamental' as to warrant *coram nobis* relief." *Gonzalez v. United States*, 981 F.3d 845, 851 (11th Cir. 2020).

Rogacheva was no longer in custody when she pursued post-conviction relief, therefore no relief outside of *coram nobis* relief was available to challenge her conviction, rendering it the appropriate "remedy of last resort." *Mills*, 221 F.3d at 1203. Accordingly, the district court had jurisdiction to determine whether Rogacheva qualified for *coram nobis* relief.

## II.

This court reviews the district court's denial of *coram nobis* relief for an abuse of discretion. *United States v. Bane*, 948 F.3d 1290, 1294 (11th Cir. 2020). A district court's determination of whether a

petitioner has presented sound reasons for failing to seek relief earlier is reviewed for clear error. *Gonzalez*, 981 F.3d at 850–51. A district court does not commit clear error when it rejects a petitioner's assertion that they were unaware of *coram nobis* relief, as "'procedural ignorance'" is not "'an excuse for prolonged inattention'" when the law calls for diligence. *Id.* at 853 (quoting *Johnson v. United States*, 544 U.S. 295, 311 (2005)).

To establish ineffective assistance of counsel, a petitioner must show that her attorney's performance was deficient, and that the deficient performance prejudiced her defense. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). When the claim is a challenge to a guilty plea based on ineffective assistance, "the defendant must show that there is a reasonable probability that, but for counsel's errors, [s]he would not have ple[d] guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985).

The district court did not err in denying *coram nobis* relief because Rogacheva did not show sound reasons for failing to seek relief earlier, nor did she show that her counsel was ineffective, resulting in an involuntary plea. First, the district court considered whether Rogacheva presented sound reasons for failing to seek relief earlier, finding that she did not satisfy this prerequisite for *coram nobis* relief. *Gonzalez*, 981 F.3d at 850–51. The court noted her almost three-year delay in challenging her conviction, and found her statement that she only recently discovered a legal avenue to challenge her conviction insufficient to justify this extraordinary remedy. Because "procedural ignorance" is not "an excuse for

22-11429                  Opinion of the Court                      5

prolonged inattention," the district court correctly concluded that Rogacheva was precluded from *coram nobis* relief. *Id.* at 853.

Second, the district court considered whether Rogacheva had established prejudice to support her claims for ineffective assistance and a resulting involuntary plea, finding that she had not. The district court noted that the evidence on the record made it highly unlikely that the marriage fraud case would have proceeded to trial, even if Rogacheva was aware of the defenses she claims her counsel failed to communicate. Moreover, at her plea hearing, Rogacheva admitted to the truth of the plea agreement's facts and contended that she was pleading guilty because she was guilty. Therefore, it was not an abuse of discretion for the district court to conclude that her lack of knowledge of available defenses did not amount to prejudice that would have led to trial had she known of them before pleading guilty. *Strickland*, 466 U.S. at 687–88; *Hill*, 474 U.S. at 58–59.

Accordingly, we affirm the district court's well-reasoned decision.

**AFFIRMED.**